United States District Court
Eastern District of North Carolina
Western Division

Case No. 5:19-CT-3081

(To be filled out by Clerk's Office only)

FILED
MAR 26 2019
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

JONATHAN E. BRUNSON

Inmate Number 0493187

*(In the space above enter the full name(s) of the plaintiff(s).)*

**COMPLAINT**
(*Pro Se* Prisoner)

-against-

JAMES FLOYD AMMONS, JR. AND
~~WILLIAM WEST~~ JOSH STEIN

Jury Demand?
☒ Yes
☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Page 1 of ~~10~~ 11

## I. JURISDICTION & VENUE

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (g)(3).

2. PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202.

3. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 & 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

## II. PLAINTIFF

4. JONATHAN E. BRUNSON
   PRISONER ID # 0493187
   TABOR CORRECTIONAL INSTITUTION
   4600 SWAMP FOX HWY WEST
   TABOR CITY, NORTH CAROLINA 28463

## III. PRISONER STATUS

5. CONVICTED AND SENTENCED STATE PRISONER

## IV. DEFENDANT(S)

6. <u>JAMES FLOYD AMMONS, JR.</u>
   SENIOR RESIDENT SUPERIOR COURT JUDGE
   12th JUDICIAL DISTRICT
   P.O. BOX 363
   FAYETTEVILLE, NORTH CAROLINA 28302

7. <u>JOSH STEIN</u>
   ATTORNEY GENERAL
   N.C. DEPARTMENT OF JUSTICE
   P.O. BOX 629
   RALEIGH, NORTH CAROLINA 27602-0629

8. THESE TWO DEFENDANTS ARE BOTH BEING SUED IN THEIR OFFICIAL CAPACITIES ONLY.

## V. STATEMENT OF CLAIM

9. PLACE OF OCCURRENCE: CUMBERLAND COUNTY, NORTH CAROLINA

10. DATE OF OCCURRENCE: 17 JANUARY 2019

11. FEDERAL CONSTITUTIONAL RIGHT VIOLATED: FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW.

Case 5:19-ct-03081-D   Document 1   Filed 03/26/19   Page 3 of 11
(3)

12. DECLARATORY DECREE VIOLATED: THE U.S. SUPREME COURT'S DECLARATORY DECREE IN PENNSYLVANIA V. RITCHIE, 480 U.S. 39, 58, 94 L. Ed. 2d 40, 58, 107 S. Ct. 989 (1987).

FACTS:

13. THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION STATES "NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW."

14. A DEFENDANT WHO IS CHARGED WITH SEXUAL ABUSE OF A MINOR HAS A CONSTITUTIONAL RIGHT TO HAVE THE RECORDS OF THE CHILD ABUSE AGENCY THAT IS CHARGED WITH INVESTIGATING CASES OF SUSPECTED CHILD ABUSE, AS THEY PERTAIN TO THE PROSECUTING WITNESS, TURNED OVER TO THE TRIAL COURT FOR AN IN CAMERA REVIEW TO DETERMINE WHETHER THE RECORD CONTAINS INFORMATION FAVORABLE TO THE ACCUSED AND MATERIAL TO GUILT OR PUNISHMENT. PENNSYLVANIA V. RITCHIE, 480 U.S. 39, 58, 94 L. Ed. 2d 40, 58, 107 S. Ct. 989 (1987).

15. THE U.S. SUPREME COURT ALSO DECLARED IN RITCHIE "THAT THE GOVERNMENT HAS THE OBLIGATION TO TURN OVER EVIDENCE IN ITS POSSESSION THAT IS BOTH FAVORABLE TO THE ACCUSED AND MATERIAL TO GUILT OR PUNISHMENT." Id. AT 57. "RITCHIE IS ENTITLED TO HAVE THE CPS FILE REVIEWED BY THE TRIAL COURT TO DETERMINE WHETHER IT CONTAINS INFORMATION THAT PROBABLY WOULD HAVE CHANGED THE OUTCOME OF HIS TRIAL."

Id at 58. "Ritchie's right to discover exculpatory evidence and the state's interest in ensuring a fair trial can be protected fully by the trial court conducting in camera review of confidential files." Id at 41.

16. The U.S. Supreme Court also declared in Ritchie that "the constitutional obligation imposed by Ritchie is one imposed upon the state, which means upon the judge as well as all other state actors involved in the process of insuring in camera inspection of evidence sufficiently shown, under Ritchie, to be subject to that inspection. If inspection is effectively denied by any actor in the chain, including the judge as final actor, the fact that some other actors in the chain may have discharged their portion of the obligation cannot insulate a violation further on. Neither can the obligation of the judge, as final actor in the process, be avoided by drawing on state-law requirements which may be — and undoubtedly are — more stringent than the merely 'plausible showing' which, under Ritchie suffices to require in camera inspection." Id at 58 n 15.

17. In 2008, Plaintiff was charged with sexual abuse of a minor.

18. On March 25, 2009, Plaintiff invoked his constitutional right to an in camera review of Ritchie material and/or social services records by filing a discovery motion that included a Ritchie request.

19. ON AUGUST 10, 2009, PLAINTIFF FILED A PRETRIAL MOTION REQUESTING RITCHIE MATERIAL.

20. ON JUNE 29, 2010, PLAINTIFF FILED TWO PRETRIAL MOTIONS FOR RITCHIE MATERIAL, INCLUDING SOCIAL SERVICES RECORDS.

21. ON MAY 9, 2011, PLAINTIFF FILED ANOTHER PRETRIAL MOTION REQUESTING RITCHIE MATERIAL.

22. ON JUNE 9, 2011, JUDGE LUCY INMAN AND DISTRICT ATTORNEY WILLIAM WEST REFUSED AND FAILED TO PROCURE, TURN OVER, AND REVIEW IN CAMERA RITCHIE MATERIAL AND/OR SOCIAL SERVICES RECORDS IN VIOLATION OF RITCHIES DECLARATORY DECREE.

23. DURING TRIAL, JUDGE MARY A. TALLY AND ASSISTANT DISTRICT ATTORNEY RITA COX REFUSED AND FAILED TO PROCURE, TURN OVER, AND REVIEW IN CAMERA THE RITCHIE MATERIAL AND/OR SOCIAL SERVICES RECORDS IN VIOLATION OF RITCHIE'S DECLARATORY DECREE.

24. PLAINTIFF WAS TRIED AND CONVICTED WITHOUT AN IN CAMERA JUDICIAL REVIEW OF THE RITCHIE MATERIAL AND/OR SOCIAL SERVICES RECORDS IN VIOLATION OF RITCHIE'S DECLARATORY DECREE.

25. DEFENDANTS AMMONS AND STEIN, BY THEIR ACTS AND OMISSIONS, REFUSED AND FAILED TO PROCURE, TURN OVER, AND REVIEW IN CAMERA

THE RITCHIE MATERIAL AND/OR SOCIAL SERVICES RECORDS IN RESPONSE TO PLAINTIFF'S MOTION FOR APPROPRIATE RELIEF FILED ON 12 JULY 2018 IN VIOLATION OF RITCHIE'S DECLARATORY DECREE.

26. DEFENDANTS AMMONS AND STEIN, BY THEIR ACTS AND OMISSIONS, REFUSED AND FAILED TO PROCURE, TURN OVER, AND REVIEW IN CAMERA THE RITCHIE MATERIAL AND/OR SOCIAL SERVICES RECORDS IN RESPONSE TO PLAINTIFF'S MOTION FOR APPROPRIATE RELIEF FILED ON 8 OCTOBER 2018 IN VIOLATION OF RITCHIES DECLARATORY DECREE.

27. DEFENDANTS AMMONS AND STEIN, BY THEIR ACTS AND OMISSIONS, DEPRIVED PLAINTIFF OF HIS WELL ESTABLISHED BASIC CONSTITUTIONAL RIGHT TO IN CAMERA REVIEW OF RITCHIE MATERIAL AND/OR SOCIAL SERVICES RECORDS.

28. DEFENDANTS AMMONS AND STEIN, BY THEIR ACTS AND OMISSIONS, VIOLATED THE U.S. SUPREME COURTS DECLARATORY DECREE FOR RITCHIE BY FAILING THEIR CONSTITUTIONAL OBLIGATION IMPOSED BY RITCHIE TO PROCURE AND REVIEW IN CAMERA THE RITCHIE MATERIAL AND/OR SOCIAL SERVICES RECORDS.

29. PLAINTIFF SUFFERED FOR APPROXIMATELY 10 YEARS AND CONTINUES TO SUFFER INJURY TO HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW BY DEFENDANTS REFUSAL AND FAILURE TO PROCURE AND REVIEW IN CAMERA THE RITCHIE MATERIAL AND/OR SOCIAL SERVICES RECORDS.

30. PLAINTIFF FACES A REAL AND IMMEDIATE THREAT OF FUTURE INJURY

DUE TO DEFENDANTS CONTINUING VIOLATION OF HIS CONSTITUTIONAL RIGHT UNDER THE 14th AMENDMENTS DUE PROCESS CLAUSE UNDERLYING RITCHIE.

## VI. ADMINISTRATIVE PROCEDURES

31. PLAINTIFF DID NOT EXHAUST ADMINISTRATIVE PROCEDURES BEFORE FILING THIS ACTION IN THIS FEDERAL COURT SINCE THIS ACTION <u>IS NOT PRISON RELATED</u>.

## VII. RELIEF

32. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE DUE PROCESS CLAUSE IN THE 14th AMENDMENT TO THE U.S. CONSTITUTION UNDERLYING RITCHIE.

33. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED THE U.S. SUPREME COURT'S DECLARATORY DECREE FOR RITCHIE.

34. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TO:

   a). STOP DEPRIVING U.S. CITIZENS CHARGED WITH SEXUAL ABUSE OF A MINOR OF THEIR BASIC CONSTITUTIONAL RIGHT TO AN IN CAMERA REVIEW OF RITCHIE MATERIAL AND/OR SOCIAL SERVICES RECORDS

b). STOP VIOLATING THE U.S. SUPREME COURT'S DECLARATORY DECREE FOR RITCHIE.

35. PLAINTIFF'S COST IN THIS SUIT.

36. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

## VIII. PRISONER'S LITIGATION HISTORY

37. SECTION 1983 CASE # 5:09-CT-3063-FL WAS DISMISSED WITHOUT PREJUDICE — HECK BARRED.

38. SECTION 1983 CASE # 5:14-CT-3291-FL WAS DISMISSED WITHOUT PREJUDICE — HECK BARRED.

39. SECTION 1983 CASE # 5:17-CT-3083-D WAS DISMISSED WITHOUT PREJUDICE — HECK BARRED.

## IX. PLAINTIFF'S DECLARATION AND WARNING

40. UNDER FEDERAL RULE OF CIVIL PROCEDURE 11, BY SIGNING BELOW, I CERTIFY TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF THAT THIS COMPLAINT: (1) IS NOT BEING PRESENTED FOR AN IMPROPER PURPOSE, SUCH AS TO HARASS, CAUSE UNNECESSARY DELAY, OR NEEDLESSLY INCREASE THE COST OF LITIGATION; (2) IS SUPPORTED BY EXISTING LAW OR BY NONFRIVOLOUS

ARGUMENT FOR EXTENDING OR MODIFYING EXISTING LAW; (3) THE FACTUAL CONTENTIONS HAVE EVIDENTIARY SUPPORT, OR IF SPECIFICALLY SO IDENTIFIED, WILL LIKELY HAVE EVIDENTIARY SUPPORT AFTER A REASONABLE OPPORTUNITY FOR FURTHER INVESTIGATION OR DISCOVERY; AND (4) THE COMPLAINT OTHERWISE COMPLIES WITH THE REQUIREMENTS OF RULE 11.

I AGREE TO PROVIDE THE CLERKS OFFICE WITH ANY CHANGES TO MY ADDRESS WHERE CASE-RELATED PAPERS MAY BE SERVED. I UNDERSTAND THAT MY FAILURE TO KEEP A CURRENT ADDRESS ON FILE WITH THE CLERK'S OFFICE MAY RESULT IN THE DISMISSAL OF MY CASE.

THIS THE 21ST DAY OF MARCH 2019.



JONATHAN E. BRUNSON

PRISONER IDENTIFICATION # 0493187

TABOR CORRECTIONAL INSTITUTION

4600 SWAMP FOX HWY WEST

TABOR CITY, NORTH CAROLINA 28463

## X. VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT TABOR CITY, NORTH CAROLINA ON 21 MARCH 2019.


*[signature]*

JONATHAN E. BRUNSON

4600 SWAMP FOX HWY WEST

TABOR CITY, NORTH CAROLINA 28463