IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CT-3081-D

JONATHAN EUGENE BRUNSON, )
)
Plaintiff, )
)
v. ) **ORDER**
)
JAMES FLOYD AMMONS, JR., et al., )
)
Defendants. )

On March 26, 2019, Jonathan Eugene Brunson ("Brunson" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed this action under 42 U.S.C. § 1983 [D.E. 1]. On June 25, 2019, Magistrate Judge Numbers conducted an initial review of the complaint under 28 U.S.C. § 1915A and recommended that the court dismiss Brunson's complaint [D.E. 9]. Magistrate Judge Numbers also recommended denying Brunson's motions for preliminary injunction [D.E. 6], and for contempt and sanctions [D.E. 8]. On July 8, 2019, Brunson objected to the M&R [D.E. 12]. On December 5, 2019, Brunson moved to amend his complaint [D.E. 13].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the memorandum and recommendation ("M&R"), the record, and Brunson's objections. Brunson claims "that defendants' violation of the declaratory decree in Supreme Law Pennsylvania v. Ritchie, 480 U.S. 39 (1987) resulted in a violation of his Fourteenth Amendment right to due process." Objs. [D.E. 12] 1. Brunson also claims "that defendants[] violated Ritchie's declaratory decree by repeatedly refusing and failing to [e]nsure in camera judicial review of confidential social services records as commanded by Ritchie." Id. at 1–2. Brunson objects to the M&R's conclusion that Heck v. Humphrey, 512 U.S. 477 (1994), bars his claims. Id. at 3–4.

The court is satisfied that there is no clear error on the face of the M&R and the record. See, e.g., Brunson v. North Carolina, No. 5:17-CT-03083-D (E.D.N.C. Oct. 11, 2017) (unpublished), appeal dismissed, 723 F. App'x 203 (4th Cir. 2018) (per curiam) (unpublished), cert. denied sub nom. Brunson v. North Carolina, 139 S. Ct. 812 (2019); Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished); Skinner v. Switzer, 562 U.S. 521, 533–36 (2011); Griffin v. Balt. Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015); Frantz v. Kingston Police Dep't., No. 3:15-CV-0402, 2015 WL 1951582, at *2–3 (M.D. Pa. Apr. 28, 2015) (unpublished) (collecting cases); Wentzel v. Bakker, No. 1:12-CV-1397, 2013 WL 4068183, at *10 (W.D. Mich. Aug. 12, 2013) (unpublished). Thus, the court adopts the conclusions in the M&R and dismisses Brunson's complaint.

As for Brunson's motion to amend complaint, Brunson seeks to add claims of racial and sexual discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, and a conspiracy claim. See Mot. [D.E. 13] 1–9. Brunson alleges that defendants violated his rights to equal protection when defendants denied in camera access, and that defendants conspired to deny him in camera access. Id. The court has reviewed the motion under the governing standard. See

2

Fed. R. Civ. P. 15(a)(1)(B). Brunson's proposed claims are conclusory and he fails to plausibly allege that he was treated differently from any person with whom he is similarly situated. See U.S. Const. amend. XIV, § 1; Morrison v. Garraghty, 239 F.3d 648, 654–55 (4th Cir. 2001); see also Miller v. Demarino, No. Civ. 1:01CV183, 2002 WL 32096597, at * 3 (N.D.W. Va. Apr. 24, 2002), aff'd, 45 F. App'x 292 (4th Cir. 2002). Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012). Brunson has not plausibly alleged an equal protection or conspiracy claim. Thus, the court denies Brunson's motion to amend.

In sum, the court OVERRULES Brunson's objections [D.E. 12] and ADOPTS the conclusions in the M&R [D.E. 9]. The court DENIES Brunson's motions for preliminary injunction [D.E. 6], contempt and sanctions [D.E. 8], and to amend complaint [D.E. 13]. The clerk shall close the case.

SO ORDERED. This 31 day of January 2020.

JAMES C. DEVER III
United States District Judge

3